NATIVIDAD RODRÍGUEZ, ETC., ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, J. M. CALDERÓN, JR., JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. 1803. Argued January 9, 1950.—Decided February 20, 1950.

*Bolívar Pagán* for petitioners. *Vicente Géigel Polanco, Attorney General,* and *A. Torres Braschi, Assistant Attorney General,* for intervener, defendant in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

We granted certiorari in this case to review certain orders of the District Court of San Juan directing the petitioners to reduce from $77,000 to $1,000 the amount they claim in a complaint against The People of Puerto Rico as compensation for the damages suffered by them upon the death of their father due to the negligence of certain employees of the Isabela Irrigation Service.

868

■■ The lower court held that pursuant to Act No. 130 of May 6, 1938, which amended § 11 of Act No. 63 of 1919,[1] The People of Puerto Rico is liable for the negligent acts of the employees of the Isabela Irrigation System only up to the amount of $1,000. We do not agree.

This question has been decided in *Quintero* v. *Irrigation Service*, 66 P.R.R. 887, wherein we said at p. 892, that, pursuant to Act No. 11 of April 18, 1928 amending No. 76 of 1916: "the People of Puerto Rico gave its consent to be sued in actions for damages *without any limitation*, that is, for damages in actions *ex contractu* as well as those arising out of actions *ex delicto*." (Italics ours.)

In that case we did not decide that a claim for damages caused by the negligence of the employees of the Isabela Irrigation System, within the district where the works are located, is limited to any specific amount, but that the limitation only refers to the amount for which the Commissioner of the Interior may extrajudicially settle a claim for damages, after having complied with certain requisites specified in the Act. It is the extrajudicial transaction which is limited to one thousand dollars, not the amount for which suit may be brought.

■ We also held in the case of Quintero, p. 895, that:

"The above reasoning shows that plaintiff's action is against the People of Puerto Rico and not against the Isabela Irrigation Service and that, since the People of Puerto Rico assumes res-

[1] Insofar as pertinent, said § 11 provides:
". . . *Provided,* That the Commissioner of the Interior is hereby authorized and empowered to compromise, when, in his judgment, it is advisable to do so, any claim not exceeding one thousand (1,000) dollars, filed for damages to property or to any person, caused by the negligence of the employees of the Isabela Irrigation Service within the district where the works of the irrigation service are located, after an investigation has been duly made by the Chief Engineer of the Isabela Irrigation Service, and after a favorable opinion thereon has been rendered by the Attorney General of Puerto Rico; *Provided,* That every claim allowed in accordance with the authority vested in the Commissioner of the Interior shall be paid out of the funds of the Isabela Irrigation Service."

ponsibility for the damages caused by the employees of the Irrigation Service under the aforesaid condition, neither the special agent doctrine contained in § 1803 of the Civil Code nor the cases of *Ortiz* v. *People*, 44 P.R.R. 146, and *Soto* v. *Lucchetti*, 58 P.R.R. 715, are applicable."

We cite this paragraph anew since in the order appealed from, the lower court gives the impression that in these particular cases the special agent must necessarily be alleged.

The orders appealed from are vacated and the case is remanded for further proceedings.